FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROLANDO ARTURO BECKLES THORNE,<br><br>    Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>    Respondent. | Nos. 21-70966 & 22-1543<br><br>Agency No. A036-968-420<br><br>ORDER |

Before:  W. FLETCHER and OWENS, Circuit Judges, and SCHREIER,[*] District Judge.

Petitioner Rolando Beckles Thorne has filed two petitions for review that have been consolidated and are pending in our court.  On April 20, 2021, we granted a stay of his 2018 removal order.  Dkt. No. 1 (No. 21-70966).  On September 30, 2022, we explained that the stay of removal would remain "in effect until issuance of the mandate in these consolidated petitions for review."  Dkt. No. 45 (No. 21-70966).  On October 19, 2023, we granted Petitioner's motion to hold his petitions in abeyance.  Dkt. No. 67 (No. 21-70966).  We wrote that "[n]o

---

[*]    The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

mandate shall issue," that we neither dismissed the petitions nor ruled on their merits, and that we "shall retain jurisdiction." *Id.*

On March 29, 2025, Beckles Thorne attempted to return to the United States after taking a cruise that left the United States, went to Mexico, and returned to the United States. When the cruise ship returned to the United States, Customs and Border Patrol officials prevented Beckles Thorne from reentering the country. The officials told Beckles Thorne and his counsel: (1) that Beckles Thorne had missed a hearing in February 2025 before an Immigration Judge; (2) that he was ordered removed in absentia at that hearing; (3) that he was subject to a final order of removal; and (4) that officials possessed a "deportation warrant" in his name. In response to an order of this court, Respondent has admitted that Beckles Thorne did not miss an immigration hearing in February 2025, that he was not ordered removed in absentia, and that the deportation warrant supposedly issued in his name was a nonexistent "'phantom' warrant."

On April 9, 2025, Respondent moved to vacate our temporary stay of removal and to dismiss for lack of jurisdiction Beckles Thorne's two petitions for review. Dkt. No. 71 (No. 21-70966). In support of its motion, Respondent contends that Beckles Thorne "execute[d] his own removal order" when he left the United States. *Id.* at 10. Respondent argues that "because the [removal] order over

2

which Petitioner seeks review has been executed," this court lacks jurisdiction over the petitions now pending in our Court. *Id.*

Respondent is incorrect. First, Beckles Thorne's removal order has not been executed. We have stayed it. Because the order has been stayed, it cannot be executed. As the Supreme Court explained in *Nken v. Holder*,

> An alien seeking a stay of removal pending adjudication of a petition for review does not ask for a coercive order against the Government, but rather for the temporary setting aside of the source of the Government's authority to remove. Although such a stay acts to "ba[r] Executive Branch officials from removing [the applicant] from the country," it does so by returning to the status quo—the state of affairs before the removal order was entered.

556 U.S. 418, 429 (2009) (brackets in original) (internal citation omitted).

Second, even if the removal order had been executed, the order would not divest this court of jurisdiction if granting Beckles Thorne's petition for review would "at least increase his chances of being allowed" to return to the United States. *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 936 (9th Cir. 2016). Beckles Thorne satisfies this standard because he petitions for review of a removal order that was based on two convictions that have now been vacated.

Thus, contrary to Respondent's contention, Beckles Thorne did not—indeed, could not—execute his removal order. Simply stated, Beckles Thorne has not been

removed from the United States, and his petitions for review remain pending in this Court.

Respondent's motion to vacate Beckles Thorne's temporary stay of the removal and to dismiss his petitions for review jurisdiction is therefore **DENIED**.